**ALVERSON, TAYLOR,
MORTENSEN & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
ADAM R. KNECHT, ESQ.
Nevada Bar No. 13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VOIP-PAL.COM, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS SERVICES, LLC, a Delaware limited liability corporation; VERIZON COMMUNICATIONS, INC., a Delaware corporation; AT&T, INC., a Delaware corporation; AT&T CORP., a Delaware corporation; and DOES I through X, inclusive,<br><br>Defendants. | CASE NO.:   2:16-CV-00271<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[JURY DEMAND]** |

Plaintiff, Voip-Pal.com, Inc.'s ("VPLM") Complaint against Defendants Verizon Wireless Services, Inc. and Verizon Communications, Inc. (collectively, "Verizon") and AT&T, Inc. and AT&T Corp. (collectively, "AT&T"), allege infringement of U.S Patent No. 8,542,815 ("the '815 patent", a copy of which is attached hereto as **Exhibit A**), and its continuation patent, U.S Patent No. 9,179,005 ("the '005 patent", a copy of which is attached hereto as **Exhibit B**).  VPLM further complains and alleges as follows:

///

## THE NATURE OF THE ACTION

1. VPLM is a technical leader in the broadband Voice-over-Internet Protocol ("VoIP") market with the ownership and development of a portfolio of leading edge VoIP patent applications.

2. VPLM's patents represent fundamental advancements to the prior art of Internet Protocol ("IP") communication, including improved functioning, routing and reliability for VoIP, messaging, and IP transmission of video, photographs and mixed media.

3. Verizon and AT&T employ VPLM's innovative technology and products, features, and designs, and have widely distributed infringing products that have undermined VPLM's marketing efforts. Instead of pursuing independent product development, Verizon and AT&T employed VPLM's innovative caller attribute classification and routing product design, in violation of VPLM's valuable intellectual property rights.

## PARTIES

4. Plaintiff, VoIP-Pal.com, Inc., is a Nevada corporation with its principal place of business located 10900 NE 4th Street, Suite 2300, Bellevue, Washington 98004.

5. Defendant, Verizon Wireless Services, LLC, is a Delaware limited liability company with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. On information and belief, Verizon Wireless Services, LLC regularly conducts and transacts business in the District of Nevada and throughout the United States, and, as set forth below, has committed and continues to commit, tortious acts of patent infringement within the District of Nevada.

6. Defendant, Verizon Communications, Inc., is a Delaware corporation with its principal place of business at 140 West St., New York City, New York 10007. On information and belief, Verizon Communications, Inc. regularly conducts and transacts business in the District of Nevada and throughout the United States, and, as set forth below, has committed and continues to commit, tortious acts of patent infringement within the District of Nevada.

7. Defendant, AT&T, Inc., is a Delaware corporation with its principal place of business at 175 East Houston, San Antonio, Texas 78205. On information and belief, AT&T, Inc. regularly conducts and transacts business in the District of Nevada and throughout the United States, and, as

KB/23205

set forth below, has committed and continues to commit, tortious acts of patent infringement within the District of Nevada.

8. Defendant, AT&T Corp., is a Delaware corporation with its principal place of business at One AT&T Way, Bedminster, New Jersey 079201. On information and belief, AT&T Corp. regularly conducts and transacts business in the District of Nevada and throughout the United States, and, as set forth below, has committed and continues to commit, tortious acts of patent infringement within the District of Nevada.

9. As a result of Verizon and AT&T's infringement as alleged herein, between July 2014 and December 2015, VPLM provided numerous notices to Verizon and AT&T in connection with its violation of VPLM's patent rights. *See* **Exhibit C,** Correspondence to Verizon; *See* **Exhibit D,** Correspondence to AT&T. Despite the notices, Verizon and AT&T have infringed and continue to infringe VPLM's patents.

10. The true names of Defendants I through X, inclusive, whether individual, corporate, associate or otherwise are unknown to the Plaintiff, who therefore sues each Defendant designated herein as DOE is in some way responsible for the damages claimed by the Plaintiff herein. The Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Defendants DOES I through X, inclusive, when the identities have been ascertained, to formulate appropriate allegations, and to join such Defendants in this action.

## JURISDICTION AND VENUE

11. This action arises under 35 U.S.C. § 101 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1338.

12. This Court has personal jurisdiction over Verizon and AT&T because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 by placing infringing products and services into the stream of commerce, with the knowledge or understanding that such products are sold in the District of Nevada. The acts by Verizon and AT&T cause injury to VPLM within this District. Upon information and belief, Plaintiff alleges that the Verizon and AT&T derive substantial revenue from the sale of infringing products within this District, have expanded its market share through its use of infringing products within this District, have engaged in

this infringement with the expectation that their actions will have consequences within this District, and derive substantial revenue from interstate and international commerce.

13.     Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Verizon and AT&T maintain a permanent place of business and offers products and/or services for sale in Nevada.  Furthermore, venue is proper in that Verizon and AT&T have and continue to infringe VPLM patents causing harm to VPLM in Nevada.

## FACTUAL ALLEGATIONS

14.     VPLM has protected its innovative designs and cutting-edge technologies through a broad range of intellectual property rights.  Among the patents that VPLM has been awarded are the '815 patent and '005 patent to which VPLM owns all rights, title, and interest.

### Verizon's Infringement of VPLM'S Patents

15.     As detailed in the attached **Exhibit E** (Asserted Claims and Infringement Contentions Regarding Verizon Concerning the '815 Patent and the '005 Patent), VPLM is informed and believes, and on that basis alleges that Verizon's practices directly and indirectly employ and infringe certain claims of the '815 patent and the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria.

16.     VPLM is informed and believes, and on that basis alleges that Verizon engages in the following specific infringing practices:

**A.     Asserted Claim No. 1 regarding Verizon's Use of Calling Attributes in VoIP Services in On-Premises Equipment, Servers and Gateways (the '815 patent)**

17.     Verizon practices directly and indirectly certain claims of the '815 Patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria on its VoIP on-premises equipment, servers and gateways. Verizon offers VoIP services utilizing an adapter at the customer or business premises and a collection of servers and gateways. In the case of VoIP, the on-premises equipment initiates a call and identifies a caller and a callee. The callee may be a Verizon subscriber, or a non-subscriber.  Verizon directly and/or indirectly practices certain claims of the '815 patent as illustrated in **Chart 1** of Exhibit E by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its

messaging systems.

**B.     Asserted Claim No. 2 regarding Verizon's Use of Calling Attributes in Verizon's Mobile-to-Mobile Messaging Services Utilizing a Software Application that runs on Smartphones and Desktop Computers. (the '815 patent)**

18.    A Verizon practices directly and indirectly certain claims of the '815 Patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria in its mobile to mobile messaging services. In the case of messaging, the Verizon Messages application connects to a Verizon server to identify a caller and a callee and to send a message. The callee may be a Verizon subscriber or a non-subscriber. A caller profile that includes calling attributes is used as part of the process that classifies the caller and callee, then routes the call or the message from the Verizon subscriber to either another Verizon subscriber or a non-subscriber. Verizon directly and/or indirectly practices certain claims of the '815 patent as illustrated in **Chart 2** of Exhibit E by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its messaging systems.

**C.     Asserted Claim No. 3 regarding Verizon's WiFi Calling (the '815 patent)**

19.    Verizon manufactures and supports devices related to a calling platform ("Verizon WiFi Calling") that includes Verizon mobile devices, software running on such devices and servers operated by Verizon that allows calls to be placed over Wi-Fi networks. Verizon induces the infringement of certain claims of the '815 patent as illustrated in **Chart 3** of Exhibit E.

20.    Verizon Wi-Fi Calling allows a mobile device to initiate a call between a caller and a callee using a carrier assisted voice over IP ("VoIP") system and the callee may be a Verizon subscriber or a non-subscriber. A profile that includes calling attributes is used as part of the process that classifies the call. As explained in Chart 3 of Exhibit E, the use of attributes is needed for one or more of the following purposes: (1) interpretation of the callee identifier; (2) handling of inactive, suspended or blocked accounts; (3) handling customer billing authorization. Verizon directly and/or indirectly practices certain claims of the '815 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system as illustrated in Chart 3 of Exhibit E.

**D.     Asserted Claim No. 4 regarding Verizon's Use of Calling Attributes in VoIP Services in On-Premises Equipment, Servers and Gateways (the '005 patent)**

21.     Verizon practices directly and indirectly certain claims of the '005 Patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria on its VoIP on-premises equipment, servers and gateways. Verizon offers VoIP services utilizing an adapter at the customer or business premises and a collection of servers and gateways. In the case of VoIP, the on-premises equipment initiates a call and identifies a caller and a callee. The callee may be a Verizon subscriber, or a non-subscriber. Verizon directly and/or indirectly practices certain claims of the '005 patent as illustrated in **Chart 4** of Exhibit E by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its messaging systems.

**E.     Asserted Claim No. 5 regarding Verizon's Use of Calling Attributes in Verizon's Mobile-To-Mobile Messaging Services Utilizing a Software Application that Runs on Smartphones and Desktop Computers (the '005 patent)**

22.     Verizon practices directly and indirectly certain claims of the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria in its mobile-to-mobile messaging services. In the case of messaging, the Verizon Messages application connects to a Verizon server to identify a caller and a callee and to send a message. The callee may be a Verizon subscriber or a non-subscriber. A caller profile that includes calling attributes is used as part of the process that classifies the caller and callee, then routes the call or the message from the Verizon subscriber to either another Verizon subscriber or a non-subscriber. Verizon directly and/or indirectly practices certain claims of the '005 patent as illustrated in **Chart 5** of Exhibit E by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its messaging systems.

///

**F.     Asserted Claim No. 6 regarding Verizon's WiFi Calling (the '005 patent)**

23.     Verizon manufactures and supports devices related to a calling platform ("Verizon WiFi Calling") that includes Verizon mobile devices, software running on such devices and servers operated by Verizon that allows calls to be placed over Wi-Fi networks. Verizon induces the infringement of certain claims of the '005 patent as illustrated in **Chart 6** of Exhibit E.

24.     Verizon Wi-Fi Calling allows a mobile device to initiate a call between a caller and a callee using a carrier assisted voice over IP ("VoIP") system and the callee may be a Verizon subscriber or a non-subscriber. A profile that includes calling attributes is used as part of the process that classifies the call. As explained in Chart 6 of Exhibit E, the use of attributes is needed for one or more of the following purposes: (1) interpretation of the callee identifier; (2) handling of inactive, suspended or blocked accounts; (3) handling customer billing authorization. Verizon directly and/or indirectly practices certain claims of the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system as illustrated in Chart 6 of Exhibit E.

25.     Verizon's infringement of the VPLM utility patents identified in this Complaint provides Verizon with unique functionality for its products that is the result of VPLM's protected intellectual property. Rather than innovate and develop its own technology for its classification of caller attributes and routing of Public to Public, Private to Private, Public to Private and Private to Public telephony, messaging and media transfers, Verizon has employed VPLM's technology, including its classification and routing systems.

26.     Verizon continues to choose to infringe VPLM's patent rights through its classification and routing systems, including these infringing Verizon products: VoIP services, Verizon Messages and local gateways and servers. As explained in Exhibit E, the use of calling attributes is needed for one or more of the following purposes: (1) local interpretation of the callee

identifier; (2) handling inactive, suspended or blocked accounts; (3) handling customer billing authorization; and (4) handling routing settings.

27. Verizon has not obtained permission or a license from VPLM to use its inventions in the identified utility patents.

### AT&T's Infringement of VPLM'S Patents

28. As detailed in the attached **Exhibit F** (Asserted Claims and Infringement Contentions Regarding AT&T Concerning the '815 Patent and the '005 Patent), VPLM is informed and believes, and on that basis alleges that AT&T's practices directly and indirectly employ and infringe certain claims of the '815 patent and the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria.

29. VPLM is informed and believes, and on that basis alleges that AT&T engages in the following specific infringing practices:

**A. Asserted Claim No. 7 regarding AT&T's Use of Calling Attributes in VoIP Services in On-Premises Equipment, Servers and Gateways (the '815 patent)**

30. AT&T offers VoIP services utilizing an adapter at the customer or business premises and a collection of servers and gateways. AT&T practices directly and indirectly certain claims of the '815 patent, as illustrated in **Chart 1** of Exhibit F, by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria. In the case of VoIP, the on-premises equipment initiates a call and identifies a caller and a callee. The callee may be an AT&T subscriber, or a non-subscriber.

**B. Asserted Claim No. 8 regarding Messaging (the '815 patent)**

31. AT&T offers mobile-to-mobile messaging services utilizing a software application that runs on smartphones and desktop computers. In the case of messaging, AT&T practices directly and indirectly certain claims of the '815 patent, as illustrated in **Chart 2** of Exhibit F, in the AT&T Messages application as the application connects to an AT&T server to classify a caller and a callee and to send a message to a callee who may be an AT&T subscriber or a non-subscriber. A caller

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

profile that includes calling attributes is used as part of the process that classifies and routes the call or the message from the AT&T subscriber to either another AT&T subscriber or a non-subscriber.

**C.     Asserted Claim No. 9 regarding AT&T's WiFi Calling (the '815 patent)**

32.     AT&T manufactures and supports devices related to a calling platform ("AT&T WiFi Calling") that includes AT&T mobile devices, software running on such devices and servers operated by AT&T that allows calls to be placed over Wi-Fi networks.  AT&T induces the infringement of certain claims of the '815 patent as illustrated in Chart 3 of Exhibit G.

33.     AT&T Wi-Fi Calling allows a mobile device to initiate a call between a caller and a callee using a carrier assisted VoIP system and the callee may be an AT&T subscriber or a non-subscriber.  A profile that includes calling attributes is used as part of the process that classifies a call.  AT&T directly and/or indirectly practices certain claims of the '815 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system as illustrated in **Chart 3** of Exhibit F.

**D.     Asserted Claim No. 10 regarding AT&T'S Use of Calling Attributes in VoIP Services in On-Premises Equipment, Servers and Gateways (the '005 patent)**

34.     AT&T offers VoIP services utilizing an adapter at the customer or business premises and a collection of servers and gateways.  AT&T practices directly and indirectly certain claims of the '005 patent, as illustrated in **Chart 4** of Exhibit F,  by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria. In the case of VoIP, the on-premises equipment initiates a call and classifies a caller and a callee.  The callee may be an AT&T subscriber, or a non-subscriber.

**E.     Asserted Claim No. 11 regarding Messaging (the '005 patent)**

35.     AT&T offers mobile-to-mobile messaging services utilizing a software application that runs on smartphones and desktop computers.  In the case of messaging, AT&T practices directly and indirectly certain claims of the '005 patent, as illustrated in **Chart 5** of Exhibit F,  in the AT&T Messages application as the application connects to an AT&T server to identify a caller and a callee and to send a message. The callee may be an AT&T subscriber or a non-subscriber. A caller profile that includes calling attributes is used as part of the process that classifies and routes the call or the

message from the AT&T subscriber to either another AT&T subscriber or a non-subscriber.

F.      **Asserted Claim No. 12 regarding AT&T's WiFi Calling (the '005 patent)**

36.     AT&T manufactures and supports devices related to a calling platform ("AT&T WiFi Calling") that includes AT&T mobile devices, software running on such devices and servers operated by AT&T that allows calls to be placed over Wi-Fi networks. AT&T induces the infringement of certain claims of the '005 patent as illustrated in **Chart 6** of Exhibit F.

37.     AT&T Wi-Fi Calling allows a mobile device to initiate a call between a caller and a callee using a carrier assisted VoIP system and the callee may be an AT&T subscriber or a non-subscriber. A profile that includes calling attributes is used as part of the process that classifies a call. AT&T directly and/or indirectly practices certain claims of the '005 patent by utilizing a caller dialing profile comprising a plurality of calling attributes to form network classification criteria to support its WiFi calling system as illustrated in Chart 6 of Exhibit G

38.     As explained in Exhibit F, the use of calling attributes is needed for one or more of the following purposes: (1) local interpretation of the callee identifier; (2) handling inactive, suspended or blocked accounts; and (3) handling customer billing authorization.

39.     AT&T has not obtained permission or a license from VPLM to use its inventions in the identified utility patents.

40.     AT&T's infringement of the '815 patent and the '005 patent provides AT&T with unique functionality for its products at the expense of VPLM's protected intellectual property. Rather than innovate and develop its own technology for it classification and routing of Public to Public telephony, Private to Private telephony, Public to Private and Private to Public telephony, messaging and media transfers, AT&T has employed VPLM's technology, including its routing and classification systems.

41.     AT&T continues to choose to infringe VPLM's patent rights through its caller attribute classification and routing systems, including at least AT&T's VoIP services, messaging services and routing services.

42.     Furthermore, the '815 patent and '005 patent are only two patents in a suite of ten related patents. *See* **Exhibit G**, VPLM Active Patents as of January 1, 2016. VPLM preserves the

right to request leave to amend this Complaint to add additional allegations of infringement that may involve some or all of the additional patents in the suite.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '815 and '005 Patents by VERIZON)

43.   VPLM incorporates and re-alleges paragraphs 1 through 42 of this Complaint.

44.   Verizon has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '815 and '005 patents by using, selling and/or offering to sell in the United States: a) VoIP Services in on-premises equipment, servers and gateways; and b) mobile-to-mobile messaging services utilizing a software application that runs on smartphones and desktop computers.

45.   Verizon's infringing activities violate 35 U.S.C. § 271.

46.   VPLM is informed and believes, and on that basis alleges, that Verizon's infringement of the '815 and '005 Patents has been and continues to be intentional, willful, and without regard to VPLM's rights because it had actual knowledge of the '815 and '005 patents through direct and indirect communications with VPLM and constructive notice, due to Verizon's active participation in IP-based communication, at the time of the parent patent's (the '815 patent) publication, May 8, 2008.

47.   VPLM is informed and believes, and on that basis alleges, that Verizon has gained increased profits by virtue of its infringement of the '815 and '005 patents.  The portion of such increased profits attributable to the incremental value of the infringed property upon information and belief is alleged to be two billion, three hundred and eighty-two million, eight hundred and seventy-two thousand, 100 dollars ($2,382,872,100), based upon the calculations contained in **Exhibit H**, attached hereto.

48.   VPLM has sustained damages as a direct and proximate result of Verizon's infringement of the '815 and '005 patents.  The amount of such damages shall be proven at trial.

49.   VPLM will suffer and is suffering irreparable harm from Verizon's continuing infringement of the '815 and '005 patents as their continuing infringement dominates the market and obviates the potential for VPLM to secure licensing revenue for these patents.

KB/23205

## SECOND CLAIM FOR RELIEF

### (Infringement of the '815 and '005 Patents by AT&T)

50. VPLM incorporates and re-alleges paragraphs 1 through 49 of this Complaint.

51. AT&T has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '815 and '005 patents by using, selling and/or offering to sell in the United States: VoIP services, messaging services and routing services.

52. AT&T's infringing activities violate 35 U.S.C. § 271.

53. VPLM is informed and believes, and on that basis alleges, that AT&T's infringement of the '815 and '005 Patents has been and continues to be intentional, willful, and without regard to VPLM's rights because it had actual knowledge of the '815 and '005 patents through direct and indirect communications with VPLM and constructive notice due to AT&T's active participation in IP-based communication, at the time of the parent patent's (the '815 patent) publication, May 8, 2008.

54. VPLM is informed and believes, and on that basis alleges, that AT&T has gained increased profits by virtue of its infringement of the '815 and '005 patents. The portion of such increased profits attributable to the incremental value of the infringed property is, upon information and belief alleged to be one billion, eight hundred and four million, seven hundred ninety five thousand, seven hundred and four dollars ($$1,804,795,745 ), based upon the calculations contained in **Exhibit H**, attached hereto.

55. VPLM has sustained damages as a direct and proximate result of AT&T's infringement of the '815 and '005 patents. The amount of such damages shall be proven at trial.

56. VPLM will suffer and is suffering irreparable harm from AT&T's continuing infringement of the '815 and '005 patents as their continuing infringement dominates the market and obviates the potential for VPLM to secure licensing revenue for these patents.

## PRAYER FOR RELIEF AS TO VERIZON

WHEREFORE, VPLM prays for relief, as follows:

1. A judgment that each of VPLM's asserted patents is valid and enforceable;

2. A judgment that Verizon has infringed, contributorily infringed, and/or induced infringement of one of more claims of each of VPLM's asserted patents;

3. An order and judgment permanently enjoining Verizon and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of VPLM's asserted patents;

4. A judgment awarding VPLM all damages adequate to compensate for Verizon's infringement of VPLM's asserted patents, and in no event less than a reasonable royalty for Verizon's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding VPLM all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. A judgment awarding VPLM all of Verizon's profits that were a result of the infringements of Plaintiff's patents, pursuant to 35 U.S.C. § 289 together with pre-judgment interest;

7. Actual damages suffered by VPLM as a result of Verizon's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. A judgment that this is an exceptional case and an award to VPLM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

9. Such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF AS TO AT&T**

WHEREFORE, VPLM prays for relief, as follows:

1. A judgment that each of VPLM's asserted patents is valid and enforceable;

2. A judgment that AT&T has infringed, contributorily infringed, and/or induced infringement of one of more claims of each of VPLM's asserted patents;

3. An order and judgment permanently enjoining AT&T and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of VPLM's asserted patents;

4. A judgment awarding VPLM all damages adequate to compensate for AT&T's infringement of VPLM's asserted patents, and in no event less than a reasonable royalty for AT&T's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding VPLM all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. A judgment awarding VPLM all of AT&T's profits derived from the infringement of Plaintiff's patents pursuant to 35 U.S.C. § 289, together with prejudgment interest;

7. Actual damages suffered by VPLM as a result of AT&T's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. A judgment that this is an exceptional case and an award to VPLM of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

9. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, VPLM hereby demands trial by jury on all issues so triable under the Complaint.

DATED this 10th day of February, 2016.

    ALVERSON, TAYLOR,
    MORTENSEN & SANDERS

    /s/ Kurt R. Bonds                        .
    KURT R. BONDS, ESQ.
    Nevada Bar No. 6228
    ADAM R. KNECHT, ESQ.
    Nevada Bar No. 13166
    7401 W. Charleston Boulevard
    Las Vegas, NV 89117
    *Attorneys for Plaintiff*

N:\kurt.grp\CLIENTS\23200\23205\pleading\Verizon-AT&T - Complaint.doc

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000